# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MEGAN ALICE JONES,

      Plaintiff,

v.                                                                 No. 1:25-cv-00025-SMD-JFR

SRE WELLNESS dba AZUCA,

      Defendant.

## ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT

      This case arises from sexual harassment, sex discrimination and retaliation that Plaintiff allegedly experienced during her employment with Defendant.  *See* Amended Complaint, Doc. 9, filed January 23, 2025.

      Defendant moves to dismiss the Amended Complaint on two grounds: (i) Plaintiff executed a Severance Agreement that expressly bars Plaintiff from asserting claims under Title VII against Defendant; and (ii) the Amended Complaint contains only conclusory allegations.  *See* Motion to Dismiss at 4-5, Doc. 29, filed April 14, 2025.

      Plaintiff opposes the Motion to dismiss contending that: (i) the Severance Agreement is not dispositive at this stage because, among other things, "for a contract to be valid, it must be entered into voluntarily and without undue pressure;" and (ii) "Plaintiff's allegations were not abstract or conclusory, but rooted in identifiable events and individuals."  Response at 3, 6, Doc. 30, filed April 14, 2025.

      The Court denies Defendant's Motion to Dismiss because the Amended Complaint, liberally construed, states a plausible claim and provides Defendant with fair notice of the grounds for Plaintiff's claims.

> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious* [*v. Two Unknown B.I.C.E. Agents*], 492 F.3d [1158] at 1163 [10th Cir. 2007]. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id.*

*Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023). The Amended Complaint alleges that Corinne Butler, Defendant's Senior Vice President of Growth and other supervisors and managers made "[u]nsolicited sexual advances in exchange for information," "Plaintiff reported the harassment to Defendant's Human Resources Department on May 19th, 2024, but Defendant failed to take prompt and effective remedial action," and Plaintiff's employment was terminated on May 20th, 2024. Amended Complaint at 8. The Amended Complaint also alleges that Defendant retaliated against Plaintiff by "[p]ressuring Plaintiff to comply with the Separation Agreement May 20th – 21st, 2024." Amended Complaint at 11; at 87 (showing Plaintiff signed the Separation Agreement on May 23, 2024; Defendant signed on May 24, 2025). Those allegations, while very concise, give Defendant fair notice of the grounds for Plaintiff's claims. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (in determining whether a plaintiff states a plausible claim, "we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. . . The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case").

**IT IS ORDERED** that Defendant's Motion to Dismiss, Doc. 29, filed April 14, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**