**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MEGAN ALICE JONES,**

       **Plaintiff/Counter-Defendant,**

     **vs.**                                 **Civ. No. 25-25  SMD/JFR**

**SRE WELLNESS d/b/a AZUCA,**

       **Defendant/Counterclaimant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court on the *Travis G. Jackson Fee Affidavit*, filed on May 8, 2026 (Doc. 125), which Defendant filed at the direction of the Court's April 17, 2026, *Order Granting Defendant/Counterclaimant Azuca's Motion to Compel* (Doc. 119).  In that Order, the Court directed Defendant to file an Affidavit outlining the expenses it incurred in connection with its Motion to Compel.  *Id.* at 11.  The Court directed Plaintiff to file any objections within 14 days after Defendant filed an Affidavit.  *Id.*  The Court also encouraged the parties to attempt to reach an agreement as to what is a reasonable fee amount to avoid the expense of additional litigation.  *Id.*  In the Affidavit, Attorney Jackson states that he contacted Plaintiff on May 7, 2026, by email to provide information and seek an agreement on the fee award.  Doc. 125 at 3.  He received no response.  *Id.*  Plaintiff also, having had sufficient time to do so, has not responded with objections to the Affidavit.  Accordingly, the Court will order that Plaintiff pay to Defendant a total of **$3,691.54** in attorney fees in connection with Defendant's Motion to Compel.

The proper vehicle for calculating a reasonable award of attorney's fees is the lodestar method: the Court multiplies a reasonable hourly rate by the number of hours reasonably

expended.  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).  The movant bears the burden of proving both the reasonableness of the rates and the hours expended, *Case*, 157 F.3d at 1249, and the billing attorneys must exercise billing judgment by excluding hours that are "excessive, redundant, or otherwise unnecessary," *Robinson*, 160 F.3d at 1281.

In determining whether the hourly rate is reasonable:

> the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate."  *Case*, 157 F.3d at 1257.

"Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Id.* at 1250 (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)).  In determining whether the hours expended on a case were reasonable, courts consider several factors:

> (1) whether the fees are for tasks that would ordinarily be billed to a client; (2) whether the party's counsel used "billing judgment" to winnow the hours from those actually spent to those that were reasonably expended; and (3) whether the amount of time spent on a task was reasonable in light of the complexity of the case or necessitated by the strategies employed by the party's opponent.

*Preitauer v. Am. Fam. Mut. Ins.*, 741 F. Supp. 3d 934, 941-42 (D. Colo. 2024) (citing *Etherton v. Owners Ins.*, 82 F. Supp. 3d 1190, 1198 (D. Colo. 2015)).  With respect to the third factor—determining a reasonable amount of time in which to perform a given task—the billing attorney should consider: "(1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Etherton*, 82 F. Supp. 3d at 1198 (citing *Ramos*, 713 F.2d at 554).

Here, Defendant seeks an award of $3,691.54.  Doc. 125 at 2.  The total amount sought derives from $3,430.00 in fees for 9.8 billable hours plus the New Mexico Gross Receipts Tax of $261.54.  *Id.*

The Court finds that the 9.8 hours Defendant expended on its Motion to Compel are reasonable.  Here, Defendant's counsel's time record is limited to hours expended in the drafting, editing, revising, and reviewing of the Motion to Compel itself and a subsequent Reply.  Doc. 125 at 2.  These hours were clearly spent on a task ordinarily billed to a client.   Additionally, Defendant affirms that counsel excluded "time spent communicating with Plaintiff and the Court about the discovery requests at issue and the underlying discovery dispute"; "time spent preparing for and attending the discovery conference and attempting to meet and confer with Plaintiff regarding the discovery requests"; and "time spent communicating with the client, attorneys, and staff about the underlying discovery disputes and Motion."  *Id.*  Defendant, therefore, has exercised "billing judgment" in consideration of the circumstances unique to this case.  The hours expended, therefore, are reasonable.

The Court also finds that Defendant's counsel's requested reduced hourly rate of $350.00 per hour is reasonable.  Defendant's counsel, Travis Jackson, has practiced law in New Mexico

3

for over twenty-five years and is the managing partner for Jackson Loman Downey & Stevens-Block, P.C.  Doc. 125 at 1.  Mr. Jackson primarily represents New Mexico businesses in complex commercial litigation, including employment and trade secret disputes.  *Id.*  Mr. Jackson's standard hourly rate is $450.00 per hour.  *Id.*  The Court finds that Defendant has presented sufficient evidence that the reduced hourly rate sought is at or below the customary rate for a lawyer of  Mr. Jackson's experience and credentials.

**IT IS THEREFORE ORDERED** that Plaintiff pay Defendant **$3,691.54** in reasonable attorney fees in connection with Defendant's Motion to Compel.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**